IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY JOSHUA GOUVEIA, #A3005875, | CIVIL NO. 23-00455 DKW-KJM |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 2 |
| v. | |
| STEVE LIZAMA, | |
| Defendant. | |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff Roy Joshua Gouveia.[1]  ECF No. 2.  Gouveia's IFP Application is DENIED as incomplete.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account

---

[1]Gouveia is currently incarcerated at the Kauai Community Correctional Center.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A3005875"; and select "Search") (last visited Nov. 8, 2023).

statement for the six months preceding the filing of the complaint.  *See* 28 U.S.C.

§ 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner

must submit trust account statements from each institution where he was confined

during the relevant six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court

requires use of a form application—that is, the "Application to Proceed In Forma

Pauperis by a Prisoner."  *See* United States District Court District of Hawaii,

https://www.hid.uscourts.gov/files/prose/Application%20To%20Proceed%20In%2

0Forma%20Pauperis%20By%20a%20Prisoner%20(IFP)%20and%20Instructions.p

df (last visited Nov. 8, 2023).  This form includes: (1) an affidavit of indigence (for

completion by the prisoner); (2) a financial certificate and consent to collection of

fees (for completion by the prisoner); and (3) a certificate (for completion by the

warden or other appropriate officer of the institution in which the prisoner is

confined).  *See id.*  The form also reminds the prison official to attach a copy of the

prisoner's trust account balance statements for the preceding six months.  *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will

assess an initial partial filing fee of twenty percent of either the average monthly

deposits or the average monthly balance in the prisoner's account, whichever is

greater.  28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  An

initial partial filing fee will only be collected when funds exist.  *See* 28 U.S.C.

2

§ 1915(b)(1).  The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.  These payments continue until the filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(2).  The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis.  *Bruce*, 577 U.S. at 84.  Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially.  *See id.*

Gouveia's IFP Application is incomplete.  Specifically, the IFP Application does not include: (1) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined); and (2) account statements for the preceding six months showing all deposits and withdrawals to Gouveia's account during that period.  *See* ECF No. 2.  The account statement that Gouveia submitted with his IFP Application dates back only to August 31, 2023.  *Id.* at PageID.13.  If Gouveia was not incarcerated during the entire six-month period preceding the filing of this action, he must make this clear in any complete in forma pauperis application that he files.

Gouveia is DIRECTED to promptly submit a complete IFP Application.  Failure to do so, or to pay the filing fee in full, by December 6, 2023, will result in automatic dismissal of this suit without prejudice and without further notice.  *See*

Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir.

1995).  The Court will take no action on any pending or future filings in this action

until Gouveia addresses the deficiencies set forth in this Order.

### <u>CONCLUSION</u>

(1) Gouveia's Application to Proceed In Forma Pauperis by a Prisoner is

DENIED without prejudice as incomplete.

(2) Gouveia is DIRECTED to pay the filing fee in full, or to submit a

complete IFP Application by December 6, 2023.

(3) The Clerk is DIRECTED to send Gouveia an Application to Proceed In

Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: November 8, 2023 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Roy Joshua Gouveia v. Steven Lizama*; Civil No. 23-00455 DKW-KJM; **ORDER
DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A
PRISONER, ECF NO. 2**